## STATE v. JAMES CLARK.

Court of Common Pleas.  Kent.  May 4, 1818.

*Clayton's Notebook, 58.*

PER CURIAM.  The case referred to and the present are very different.  In the former, the expression used by the party showed there was no intention to commit violence.  In the present case, Clark expressly declared an intention to resort to violence if Catlin should by laying hold of him take the proper steps to preserve order, which it was the duty of every person present and of Catlin, in particular, to do.

NOTE.  Neither the Court nor the Attorney General noticed at the time that Catlin was a constable.

The defendant, in addition to his plea of not guilty, entered a special plea of *autrefois convict* for the same offense on an indictment for disturbing the camp meeting at which the alleged assault took place.  The record of the former indictment and conviction was produced, and it was proved that the same facts were before the jury then.

PER CURIAM.  The maxim that no one can be punished twice for the same act is certainly true in general, but not universally. In England, if a man beat a clergyman, he is liable to an indict-

ment, a civil action, and an ecclesiastical prosecution. So we conceive this is another exception.

[NOTE.] Query whether the case stated is any exception. No. But in the principal case Clark was punished twice for the same act, not twice for the same offense. The disturbance was an offense arising from the same act, but not including necessarily the assault. If one is convicted of kidnapping, he cannot after be indicted for an assault and battery with an intent to kidnap, because the former offense necessarily includes the latter; but the disturbance does [not] necessarily involve an assault. Note that indictments under the Act of Assembly for disturbing camp meetings lay the disturbance generally and do not set forth the manner in which it was created.